JOSHUA EMERY *v.* SUMNER S. THOMPSON.

*Liability of owner of property. General authority of a clerk.*

The plaintiff, at the request of the defendant's clerk, finished off a room, which the clerk intended to occupy, and afterwards did occupy, in a house which the plaintiff was building for the defendant, under a contract which did not include the finishing off of the

room in question. *Held,* that neither the defendant's ownership of the property, or the general authority of the clerk, was sufficient to make the defendant liable for so finishing off the room.

BOOK ACCOUNT. The plaintiff contracted to build, and did build, for the defendant, a log house, for which he charged, and was allowed by the auditor, the price specified in the contract. He further charged the defendant, "for finishing off a room up-stairs, $15.00," in reference to which the auditor reported the following facts. The defendant was a contractor for the construction of a part of the Atlantic and St. Lawrence railroad, in the town of Wenlock, and had the house built to be occupied by Geo. Lobdell, who was employed by him, as his agent and travelling boss. The room was not to be finished, under the contract, and neither the defendant or Lobdell.requested the plaintiff to finish it off, but they knew of his doing it, at the time. Charles Thompson, a clerk of the defendant, wishing to occupy the room, requested the plaintiff to finish it off as he did, and the said Charles afterwards occupied it. The plaintiff supposed, at the time, that the defendant would be bound to pay him for it. The authority of the said Charles did not extend beyond that incident to his clerkship. The auditor disallowed the charge, and the county court, December Term, 1853,— POLAND, J., presiding,—accepted the report, and rendered judgment thereon for a balance reported by the auditor in favor of the defendant. Exceptions by the plaintiff.

*H. F. Prentiss* for the plaintiff.

The house was the property of the defendant, and the finishing of the room was adding to the value of the house, the benefit of which accrued to the defendant, and the defendant should pay for the same. *Dyer* v. *Jones,* 8 Vt. 205 ; *Blood* v. *Enos,* 12 Vt. 625 ; *Gilman et al.* v. *Hall,* 11 Vt. 510.

As to the authority of a clerk, *Davis* v. *Waterman,* 10 Vt. 526.

*J. L. Edwards* for the defendant, cited *Hayden* v. *Middlesex Turnpike Co.,* 10 Mass. 397–403 ; *Munn* v. *Commission Co.,* 15 Johns. 44 ; *Huntington* v. *Wilder,* 6 Vt. 334 ; *Rossiter* v. *Rossiter,* 8 Wend. 594 ; *Parks* v. *Turnpike,* 4 J. J. Marsh. 456 ; *Beals* v. *Allen,* 18 Johns. 393 ; *Lance* v. *Barrett,* 1 Hill, S. C., 204 ; *Denison* v. *Tyson,* 17 Vt. 549 ; *Brown* v. *Billings,* 22 Vt. 9 ; *Soule* v. *Dourghty,* 24 Vt. 92.

The opinion of the court was delivered by

BENNETT, J. The only dispute in this case seems to be about an item of $15, for the finishing off a room in the chamber.

This was not within the contract for building the house. The auditor, in effect, finds that this room was finished off at the request of the defendant's clerk. He wished to occupy this chamber, for his own personal convenience. The auditor negates the fact that this room was finished by the express or implied consent of the defendant, unless it is to be inferred, as a matter of law, from his ownership of the house, or from the fact that Charles Thompson was his clerk; and we think this cannot be done.

Though the value of the house may be improved by this work, still, to render the defendant liable, it must have been done by his request, expressed or implied, as matter of fact. The clerk's agency did not, as matter of law, extend to the building or finishing of houses. He might as well have bound the defendant by the purchase of a farm.

Judgment affirmed.